UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY NELSON,

          Plaintiff,

   v.

GREP WASHINGTON, LLC, et al.,

          Defendants.

C25-0998 TSZ

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    The motion to dismiss and strike class claim brought by defendant GREP Washington, LLC, docket no. 12, is DENIED in part and GRANTED in part, as follows:

        (a)    Defendant's motion to dismiss plaintiff's claim under Washington's Consumer Protection Act ("CPA") is DENIED. Relying on *State v. Schwab*, 103 Wn.2d 542, 693 P.2d 108 (1985), defendant contends that plaintiff cannot proceed under the CPA because his claim falls exclusively under Washington's Residential Landlord-Tenant Act ("RLTA"), but defendant also argues, in this same motion, that plaintiff fails to state a claim under the RLTA. Although defendant correctly summarizes the holding of *Schwab*, in which the Washington Supreme Court concluded that violations of the RLTA do not also constitute violations of the CPA, *id.* at 545, to the extent that (as defendant contends) the RLTA does not address the type of landlord-tenant dispute at issue, plaintiff may proceed under the CPA. *See Lewis v. Zanco*, 16 Wn. App. 2d 819, 483 P.3d 836 (2021). Plaintiff is entitled to plead alternative or inconsistent claims. *See* Fed. R. Civ. P. 8(d)(2)&(3). Defendant's contention that plaintiff has failed to state a plausible CPA claim lacks merit. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (explaining that a complaint survives a Rule 12(b)(6) motion by alleging facts supporting a "plausible" ground for relief). Defendant is essentially asserting that plaintiff cannot prove one or more of the elements of a CPA claim, and such argument is more appropriately addressed in connection with a motion for summary judgment.

MINUTE ORDER - 1

(b) Defendant's motion to dismiss plaintiff's RLTA claim is DENIED. Plaintiff sues under RCW 59.18.310, which outlines a landlord's remedies if a tenant abandons the rental property, and RCW 59.18.280, which concerns security and other deposits. *See* Compl. at ¶ 3.1 (docket no. 1-2). Defendant contends that, because the lease signed by plaintiff authorized it to charge either a fee for early termination of the lease (a "buy-out" fee) or all rent due for the remainder of the lease term, plaintiff cannot state a claim under the RLTA provisions cited in the operative pleading. Plaintiff's claim, however, appears to be that the lease itself violated the RLTA by imposing a "buy-out" fee and/or rent for the remainder of the term without regard to the landlord's duty to "make a reasonable effort to mitigate the damages resulting from [a tenant's] abandonment" of the premises, *see* RCW 59.18.310, and that defendant retained plaintiff's security deposit for a reason not authorized by RCW 59.18.280. Plaintiff's claim does not rely on the explicit language of the RLTA, but rather requires the Court to construe the statute and to determine whether it applies to the facts of this case. At this stage of the proceedings, the Court cannot conclude, as requested by defendant, that plaintiff's RLTA claim is not cognizable.

(c) Defendant's motion to dismiss plaintiff's claims for failure to join an indispensable party is DENIED. As a representative of the owners of the buildings at issue, defendant qualifies as a "landlord" under the RLTA, *see* RCW 59.18.030(16), and defendant is a proper party with respect to plaintiff's assertion that the lease (on which defendant has relied to justify its conduct) violates either the RLTA or the CPA. Plaintiff does not seek to enforce the lease as against the owner of the building in which he resided, and thus, the owner's presence is not required, but to the extent that the owner is a necessary party, defendant has made no showing that joining the owner is not feasible. *See* Fed. R. Civ. P. 19(b).

(d) Defendant's motion to strike plaintiff's class claim is GRANTED in part as follows. Plaintiff's class allegation is STRICKEN without prejudice and with leave to amend within twenty-one (21) days of the date of this Minute Order to identify a class with geographic, temporal, and other appropriate limitations. In light of this ruling, the Court declines to reach the issue of whether plaintiff waived the right to pursue class-based relief.

(e) Defendant's motion to require plaintiff to file a more definite statement is GRANTED in part as follows. Plaintiff's claims against unserved defendants GREP Southwest, LLC, Greystar Management Services, LLC, Greystar Development and Construction, L.P., Greystar Development Enhancements, LLC, Greystar SeaTac Development, LLC, Greystar GP II, LLC, Greystar RS NW, LLC, and Greystar RS West, LLC are DISMISSED without prejudice and with leave to amend to reassert claims against one or more of these

entities if discovery reveals such entity's or entities' involvement in the actions that allegedly violate the RLTA or the CPA.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 30th day of September, 2025.

Ravi Subramanian<br>
Clerk<br><br>
s/Grant Cogswell<br>
Deputy Clerk

MINUTE ORDER - 3