The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY NELSON, individually and on behalf of those similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREP WASHINGTON, LLC, a foreign limited liability company; GREP SOUTHWEST, LLC, a foreign limited liability company; GREYSTAR DEVELOPMENT AND CONSTRUCTION, L.P., a foreign limited partnership; GREYSTAR DEVELOPMENT ENHANCEMENTS, LLC, a foreign limited liability company; GREYSTAR GP II, LLC, a foreign limited liability company; GREYSTAR MANAGEMENT SERVICES, L.P., a foreign limited partnership; GREYSTAR RS NW, LLC, a Washington Limited Liability Company; GREYSTAR RS WEST, LLC, a foreign limited liability company; and GREYSTAR SEATAC DEVELOPMENT, LLC, a foreign limited liability company,<br><br>　　　　　　　　　Defendants. | No. 2:25-cv-00998-TSZ<br><br>FIRST AMENDED CLASS ACTION COMPLAINT |

Plaintiff claims against Defendant as follows:

## I. PARTIES & JURISDICTION

1.1   Plaintiff Jeffrey Nelson is a resident of Snohomish County, Washington, and a former tenant of "Park on 20th Apartments" located in Lake Stevens, Washington, operated or managed by an entity doing business as "Greystar."

1.2   GREP Washington, LLC, d.b.a. Greystar ("Greystar") is a foreign Limited Liability Company headquartered in South Carolina and registered and doing business in Washington State, including in King County.

1.3   Greystar manages over 180 properties in the State of Washington on behalf of third-party property owners.

1.4   Greystar is a "landlord" as defined by Washington's Residential Landlord Tenant Act ("RLTA"), RCW 59.18, *et seq.*

1.5   The Superior Court of Washington has juridiction over Plaintiff's claims pursuant to RCW 2.08.010 and CR 23.

1.6   According to Greystar's website (www.greystar.com), the company's regional office is located in downtown Seattle, Washington in King County.

1.7   Venue in King County is appropriate pursuant to RCW 4.12.025 because Greystar transacts business in King County.

## II. STATEMENT OF FACTS

2.1   Greystar provides property management services to property owners throughout the State of Washington, including "Park on 20th Apartments" in Lake Stevens.

Allegations of Plaintiff Nelson

2.2     Mr. Nelson moved into Unit #E103 at Park on 20th Apartments in September 2020. The unit was brand new, and he was the first to occupy it. He signed a year-long lease and paid a $250 security deposit.

2.3     Mr. Nelson re-let his unit again in 2021, 2022, and 2023. On each occasion, Nelson was required to execute a new lease.

2.4     Mr. Nelson's 2023 lease (Exhibit A) ran from September 2023 to September 2024, with a monthly rent of $1,745 plus utilities.

2.5     The 2023 lease includes an "Early Move-Out" penalty provision that Greystar applies in the event the tenant moves out before the end of the term. Such provision purports to require tenants to pay all future rent for the entire lease term, plus a penalty of $1,453.50 if such future rent is not paid in full at the time the tenant moves out (a "move-out penalty").

2.6     To avoid the move-out penalty and the (unlawful) future rent charges, the 2023 lease gives tenants the "option" to instead pay a "buy-out" fee—$3,420 in Mr. Nelson's case. Such "buy-out" fee is non-refundable, even if Greystar quickly re-rents the unit or otherwise mitigates its losses.

2.7     A few months into Mr. Nelson's 2023 lease, a pipe burst in the apartment building—flooding Mr. Nelson's unit and damaging his belongings.

2.8     The damage to the unit was extensive and Mr. Nelson had no choice but to move out.

2.9     For several months, Greystar made promises to Mr. Nelson that it would repair his unit. Meanwhile, Mr. Nelson stayed in a hotel at his own expense and replaced his damaged belongings.

2.10     Eventually, in early April 2024, with no certainty as to when Greystar would make the unit safe for his return, Mr. Nelson decided to give notice and find other housing.

2.11     Greystar did not return and has not returned Mr. Nelson's security deposit.

2.12     Instead, on April 19, a "Leasing Professional" with Greystar told Mr. Nelson in writing that he owed $3,420 as an "early lease break fee."

2.13     On May 3, Greystar issued a new demand—this time for $11,799.28, less "credits," including Mr. Nelson's security deposit. The balance included future rent charges for the remaining months on the lease (through September 11, 2024).

2.14     When Mr. Nelson inquired with Greystar management whether there had been some kind of mistake, the representative admitted the eleven-thousand-dollar figure was incorrect but urged him to pay the lesser "early lease break fee" instead.

2.15     When Mr. Nelson declined to pay the illegal charges, his account was transferred to a collection agency and Mr. Nelson was forced to seek legal counsel to understand his rights and the legality of the charges.

2.16     Greystar kept Mr. Nelson's security deposit, claiming it as a "credit" against the unlawful charges.

Allegations Related to the Class

2.17     On information and belief, Greystar uses the same or substantially the same residential lease and lease terms as Plaintiff's for all the properties it manages in Washington, including the "Early Move-Out" provision.

2.18     The "Early Move-Out" provision purports to give tenants two "options" when they move out prior to the end of the lease's term: (a) pay a non-refundable "buy-out" fee immediately, or (b) pay future rent for the entire remainder of the lease's term. For the latter

"option," the tenant faces yet another fee (a "reletting charge") if the amount is not paid in full at the time the tenant moves out.

2.19    On information and belief, Greystar engages in the common practice of demanding fees and/or future rent as described in the preceding paragraphs, in derogation of its duty to mitigate, and regardless of whether it has or will exercise such efforts at some point in the future (e.g., by re-renting the unit to another tenant).

2.20    On information and belief, Greystar retains and profits from tenants' security deposits, ostensibly applying them toward move-out fees that are not, in fact, owed or lawful.

2.21    Plaintiff files this lawsuit on behalf of himself and similarly situated tenants and former tenants as follows:

    a.  *Residential Landlord Tenant Act ("RLTA") Class:*

        All tenants who (i) lived in properties managed by Greystar in the state of Washington, (ii) moved out prior to the end of their lease term, and (iii) since April 21, 2022 were charged and/or paid money toward, or had some or all of their security deposits applied to, a "buy-out" fee, "reletting charge," and/or future rent.

    b.  *Consumer Protection Act ("CPA") Class:*

        All tenants who (i) lived in properties managed by Greystar in the state of Washington, (ii) moved out prior to the end of their lease term, and (iii) since April 21, 2021 were charged and/or paid money toward, or had some or all of their security deposits applied to, a "buy-out" fee, "reletting charge," and/or future rent.

2.22    Excluded from the classes are any entity in which Defendant has a controlling interest, officers or directors of Defendant, this Court and any courthouse employees assigned to work on this case, and all employees of the law firms representing Plaintiff and the classes.

2.23    **Numerosity**. The classes described above are sufficiently numerous such that joinder of all of them is impractical, as required by CR 23(a)(1).

2.24    **Commonality and Predominance**. There are questions of law and fact common to each of the classes that predominate over individual issues, including, but not limited to: whether the RLTA permits a landlord to collect fees and/or future rent from a departing tenant before it is known or can be known whether the landlord will mitigate; whether Greystar's lease provisions relating to early termination violate the RLTA; whether a "buy out fee" or "break lease fee" complies with the RLTA; whether Greystar has a practice of collecting or attempting to collect fees and future rent from tenants at or near the time of move-out; whether Greystar has a practice of applying security deposits toward such amounts; whether Greystar has been unjustly enriched.

2.25    **Typicality**. Plaintiff's claims are typical of the claims of all class members and of Defendant's anticipated affirmative defenses thereto.

2.26    **Adequacy**. Plaintiff will fairly and adequately protect the interests of the classes and has retained competent and capable attorneys experienced in class action litigation, including consumer class actions.

2.27    **Superiority**. Greystar has acted on grounds generally applicable to members of the classes by uniformly charging move-out fees, buy-out fees, and/or future rent amounts; and a class action is the superior means of adjudicating this controversy.

### III.    LIABILITY

**Count 1: Violation of the Residential Landlord Tenant Act**

3.1    Greystar's practice of demanding "buy-out" fees, "reletting charges," and/or future rent at the time of move-out, and retaining security deposits and otherwise applying tenants' money toward such fees and/or future rent at the time of move out, as described herein,

violates the RLTA, including RCW 59.18.310 and .280. As a result of Greystar's acts and omissions, Plaintiff and the RLTA Class have been damaged in amounts to be proven at trial.

**Count 2: Violation of the Consumer Protection Act**

3.2     Greystar's practice of demanding "buy-out" fees, "reletting charges," and/or future rent at the time of move-out is an unfair or deceptive act that occurs in trade or commerce, harms the public interest, injures tenants, and violates the Consumer Protection Act (CPA), RCW 19.86, *et seq*. As a result of Greystar's acts and omissions, Plaintiff and the CPA Class have been damaged in amounts to be proven at trial.

3.3     Greystar's practice of taking or retaining tenants' money (including security deposits) and applying those sums to future rent charges before any amounts owed can possibly be determined is an unfair or deceptive act that occurs in trade or commerce, harms the public interest, injures tenants, and violates the Consumer Protection Act (CPA), RCW 19.86, *et seq*. As a result of Greystar's acts and omissions, Plaintiff and the CPA Class have been damaged in amounts to be proven at trial.

### IV.     PRAYER FOR RELIEF

4.1     Plaintiff prays for relief as follows individually and on behalf of persons similarly situated:

    a. Certification of this case as a Class Action pursuant to CR 23.

    b. Actual damages;

    c. Statutory damages, including treble damages under the CPA and double or treble damages under the RLTA;

    d. Prejudgment interest;

    e. Declaratory relief that Greystar's Lease is unenforceable as to any clause or term that calls for immediate payment of fees or future rent by tenants who end their tenancy early;

f. Attorneys' fees and costs;

g. Such other relief as the Court deems proper.

DATED this 3rd day of October, 2025.

SCHROETER GOLDMARK & BENDER

s/ Lindsay L. Halm
LINDSAY L. HALM, WSBA #37141
ANDREW D. BOES, WSBA #58508
401 Union Street, Suite 3400
Seattle, WA 98101
Phone: (206) 622-8000
Fax: (206) 682-2305
halm@sgb-law.com
boes@sgb-law.com

ANDERSON SANTIAGO, PLLC
T. Tyler Santiago, WSBA #46004
Jason D. Anderson, WSBA #38014
207B Sunset Blvd. N.
Renton, WA 98057
tyler@alkc.net
jason@alkc.net

Counsel for Plaintiff